IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DE MONT R. D. CONNER, JOHN-MICHAEL KAIO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MACQUARIE INFRASTRUCTURE CORP.; HAWAII GAS COMPANY, a.k.a. HAWAII GAS a.k.a. GAS CO, LLC; UNITED STATES OF AMERICA; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a.k.a. FANNIE MAE,<br><br>    Defendants. | CIV. NO. 21-00181 JMS-RT<br><br>ORDER (1) GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS; (2) DISMISSING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION; (3) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANTS MACQUARIE INFRASTRUCTURE CORPORATION AND THE GAS COMPANY, LLC'S COUNTER-MOTION FOR SUMMARY JUDGMENT |

**ORDER (1) GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS; (2) DISMISSING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION; (3) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANTS MACQUARIE INFRASTRUCTURE CORPORATION AND THE GAS COMPANY, LLC'S COUNTER-MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

The court considers three dispositive motions in this diversity suit filed by pro se Plaintiffs De Mont R.D. Conner ("Conner") and John-Michael Kaio

("Kaio") (collectively, "Plaintiffs"). Plaintiffs' suit seeks to "quiet title" as to real property at 86-044 Hoaha Street, Waianae, Hawaii ("the Hoaha Street property"), primarily as to "Easement 138." According to State of Hawaii Land Court documents, Easement 138 was designated in 1960 as an encumbrance on the Hoaha Street property, reserved in favor of "Honolulu Gas Company, Limited" in 1968.[1] *See* ECF No. 50-7 at PageID # 489; ECF No. 50-8 at PageID ## 492-93. Plaintiffs allege, however, that they now own the Hoaha Street property, and that Easement 138 is not valid. *See* ECF No. 1 at PageID ## 8-9.

First, Defendant United States of America has filed a Motion to Dismiss—which Plaintiffs have not opposed—arguing that Plaintiffs have incorrectly named the United States based on an erroneous belief that Defendant Federal National Mortgage Association ("FNMA") is an agency of the United States. *See* ECF Nos. 40, 40-1.

Second, Plaintiffs affirmatively move for summary judgment on their quiet title claim, essentially contending that it is undisputed that Defendants

---

[1] Supplemental filings—the accuracy of which are not disputed by Plaintiffs—establish that Defendant The Gas Company, LLC, dba Hawaii Gas ("Hawaii Gas"), is a successor entity to "Honolulu Gas Company, Limited," and that Hawaii Gas holds title to all real estate and other property previously held by "Honolulu Gas Company." *See* ECF No. 60 at PageID # 597; ECF No. 60-5 at PageID # 703 n.4; *id.* at PageID # 705.

Macquarie Infrastructure Corporation and The Gas Company, LLC, dba Hawaii Gas (collectively "Macquarie")[2] have no rights to Easement 138.  See ECF No. 33.

And third, Macquarie opposes Plaintiffs' motion and has filed a Counter-Motion for Summary Judgment, arguing on several grounds that Plaintiffs' claims fail as a matter of law and that, on the contrary, the evidence is undisputed that Macquarie (or at least Hawaii Gas) has full legal rights to Easement 138.  See ECF Nos. 50, 51.

Based on the following, the United States' Motion to Dismiss is GRANTED, Plaintiffs' Motion for Summary Judgment is DENIED, and Macquarie's Counter-Motion for Summary Judgment is GRANTED.  Additionally, FNMA is DISMISSED based on uncontested evidence that it has no interest in the Hoaha Street property.  The court declines to require Plaintiffs to pay attorney's fees or costs, as sought by Macquarie.

## II.  BACKGROUND

Plaintiffs' Complaint "seeks QUIET TITLE pursuant to 28 U.S.C. § 2410 of their Real Property, REMOVAL OF EASEMENT and EJECTMENT of

---

[2] The Complaint names these Defendants as "MacQuarie Infrastructure Corp." and "Hawaii Gas Company, a.k.a. Hawaii Gas a.k.a. Gas Co., LLC."  ECF No. 1 at PageID ## 2-3; see also ECF No. 27 at PageID # 192.  These Defendants assert that they are properly known as Macquarie Infrastructure Corporation and The Gas Company, LLC, dba Hawaii Gas ("Hawaii Gas").  They are affiliated corporate entities, although the precise nature of the affiliation is not clear from the record.  See ECF No. 27.  This Order refers to them together as "Macquarie" or "the Macquarie Defendants."

[Macquarie], as well as all other ENCUMBRANCES from the Plaintiff[s'] property situated at [the Hoaha Street property]." ECF No. 1 at PageID ## 1-2.[3]

As for Plaintiffs, the Complaint alleges that Kaio "is the heir and Judicially Appointed Representative of the Estate of Joy Leina`ala Kaio, and holder of the DEED for the [Hoaha Street property]." *Id.* at PageID # 6. It further alleges that Conner "is a tenant and Co-Owner, pursuant to a published unrecorded DEED of a partition of the [Hoaha Street property], and specifically, that partition of the [Hoaha Street Property] that currently contains the four propane tanks owned by Defendant Hawaii Gas." *Id.*

As for Defendants, the Complaint alleges that Macquarie "claims to 'own' the easement [i.e., Easement 138] upon [the Hoaha Street property], and specifically, that partition . . . that currently contains the four propane tanks." *Id.*

---

[3] As the court noted in a previous order (*see* ECF No. 10 at PageID # 30 n.1), 28 U.S.C. § 2410 waives sovereign immunity of the United States but does not confer federal jurisdiction and does not create a cause of action. *See Poorsina v. Zhang*, 2021 WL 1222520, at *5 (N.D. Cal. Mar. 31, 2021) (reiterating that § 2410 "does not . . . confer jurisdiction upon district courts to entertain quiet title actions") (citations omitted); *Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of [the Ninth] Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts."); *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) ("All § 2410 does is waive sovereign immunity. It does not authorize quiet title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit.") (citation and quotation marks omitted).
    Nevertheless, because the court otherwise has subject-matter jurisdiction based upon diversity of citizenship, *see* ECF No. 28, the court construes Plaintiffs' pro se Complaint as making a quiet title claim under *state* law, Hawaii Revised Statutes ("HRS") chapter 669 ("Quieting Title"), not under federal law.

It further alleges that FNMA "claims to 'own' a Mortgage lien against the [Hoaha Street property]," *id.*, and that FNMA is "a Quasi-Official branch of Defendant United States," *id.* at PageID # 4.  And it alleges that the United States "is and was at all times relevant the creator and Parent of [FNMA]." *Id.* at PageID # 5.  No other encumbrances are specified.

In seeking to quiet title, Plaintiffs allege that Macquarie "is NOT the 'owner' of the [Hoaha Street property], nor does [it] have any interest in the land of the [Hoaha Street property], other than its mere interest as the so-called 'owner' of the 'easement' which contains its four propane tanks." *Id.* at PageID # 7.  They allege that "[o]n March 31, 2021, Plaintiff Kaio signed over fifty percent (50%) interest to the [Hoaha Street property], via a Published and Noticed, but, unrecorded DEED to Plaintiff De MONT R.D. Conner[.]" *Id.* at PageID # 8.  Thus, they allege that "Plaintiffs [are] . . . the owners and/or entitled to possession of the [Hoaha Street property]." *Id.*  And "based upon the co-existence of the [Hoaha Street property] having an appurtenant easement, Plaintiffs seek this Court to Order the REMOVAL of the EASEMENT and an Order of EJECTMENT against [Macquarie]." *Id.* at PageID # 9.  Among other relief, they seek "[a]n Order directed to [Macquarie] to REMOVE all propane tanks, pipes both above and underground, and all manner of evidence of [Macquarie] being on the [Hoaha

Street property] including the unpermitted hollow-tile wall that they had unlawfully built upon the [Hoaha Street property]." *Id.* at PageID ## 9-10.

As for FNMA, Plaintiffs allege that "[o]n March 22, 2016, [FNMA] made its first appearance in the Circuit Court of the First Circuit . . . to press its contested claim of Foreclosure upon the [Hoaha Street property]." *Id.* at PageID # 7. Allegedly, "[o]n July 3, 2019, Plaintiff Kaio filed a Motion to Dismiss for Failure to Prosecute against [FNMA]." *Id.* at PageID # 8. The Complaint alleges that, on August 28, 2019, a state court "granted Plaintiff Kaio's Motion [to] Dismiss [FNMA's] Foreclosure action," and FNMA "has NOT pursued their 'Foreclosure' claim since the August 28, 2019, dismissal." *Id.* The Complaint seeks "[a]n Order barring [FNMA] from bringing any action for Foreclosure against [the Hoaha Street property]." *Id.* at PageID # 10.

### III.  DISCUSSION

**A.    The United States and FNMA Are Dismissed**

The United States was named as a Defendant based solely on Plaintiffs' allegation that FNMA is a federal agency and that the United States is FNMA's "parent." *See* ECF No. 1 at PageID # 4 (alleging that FNMA "is and was, at all times herein relevant, a Quasi-Official branch of Defendant United States"); *id.* at PageID # 5 ("Defendant United States of America[] is and was at all times relevant the creator and Parent of [FNMA] acting as an agent or partner.").

The United States moves to dismiss because it is undisputed that FNMA—although originally created by a federal charter—is a private corporation. ECF No. 40-1 at PageID ## 329-30. That is, the United States is not FNMA's parent and FNMA does not act as an agent of the United States. Plaintiffs filed no opposition to the United States' Motion. FNMA filed a Statement agreeing that the United States is not a proper party, ECF No. 52, and no other party opposed.

The court agrees that the United States is an improper Defendant in this action. "[FNMA] and Freddie Mac [(the Federal Home Loan Mortgage Corporation)] are private, publicly traded corporations that were created by federal charter to support the development of the secondary mortgage market." *Town of Johnston v. Fed. Hous. Fin. Agency*, 765 F.3d 80, 82 (1st Cir. 2014). Furthermore, although the Federal Housing Finance Agency ("FHFA") was appointed as a conservator for FNMA and Freddie Mac in 2008 in response to a housing-market crash, it remains true that FNMA is not a government actor. *See, e.g.*, *Dias v. Fed. Nat'l Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1062 (D. Haw. 2013) (agreeing "with those [district] courts in [the Ninth] Circuit and others that have considered and rejected [the] argument that Fannie Mae is a government actor by virtue of the FHFA conservatorship") (citing cases); *Montilla v. Fed. Nat'l Mortg. Ass'n*, 999 F.3d 751, 759 (1st Cir. 2021) (rejecting argument that FNMA is a government

actor after the FHFA's conservatorship); *Herron v. Fannie Mae*, 861 F.3d 160, 169 (D.C. Cir. 2017) (same).

It follows that the Complaint must be dismissed as against the United States—there are no other allegations (nor is there any evidence from any party) that the United States has any interest in the Hoaha Street property. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (reiterating that "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged") (citation omitted). The United States' Motion to Dismiss is GRANTED. Because further amendment against the United States would be futile, the dismissal is with prejudice.

Moreover, although FNMA previously had a mortgage or security interest on the Hoaha Street property, it has filed a Statement and a Concise Statement of Facts establishing that it assigned its note and mortgage to "U.S. Bank, N.A., as Trustee for the LSF11 Master Participation Trust" on March 14, 2019 (*before* this suit was filed). ECF No. 48 at PageID # 413; *see* ECF No. 49-3 at PageID # 423. Although FNMA has apparently made only a "special appearance" in this action, *see* ECF No. 22, its Statement and Concise Statement of Facts—unopposed by any party and uncontradicted by anything in the record—establish as a matter of fact and law that FNMA has no interest in the Hoaha Street

property and is an improper Defendant.  Accordingly, FNMA is also DISMISSED as a Defendant in this action.

**B.     Easement 138 Remains on Title as a Valid Encumbrance in Favor of Hawaii Gas**

Next, the court examines Plaintiffs' Motion for Summary Judgment and Macquarie's corresponding Counter-Motion for Summary Judgment.  The court determines that Plaintiffs' Motion fails and Macquarie's Counter-Motion succeeds.

It is undisputed that the Hoaha Street property is registered with the Hawaii Land Court,[4] and that Easement 138 is a listed encumbrance on the

---

[4] *Wells Fargo Bank, N.A. v. Omiya*, 142 Haw. 439, 420 P.3d 370 (2018) describes Hawaii's Land Court system:

> Hawaiʻi has two systems for recording title to real property, the Bureau of Conveyances and the Land Court.  *GGS (HI), Inc. v. N.Y. Diamond, Inc. (In re 2003 Ala Wai Blvd.)*, 85 Haw. 398, 405, 944 P.2d 1341, 1348 (App. 1997), *overruled on other grounds*, *Knauer v. Foote*, 101 Haw. 81, 63 P.3d 389 (2003).  The legislature created the Land Court with the passage of the Torrens Land Act (Act) in 1903, which is today codified in HRS Chapter 501 as amended. 1903 Haw. Sess. Laws Act 56, § 2 at 279.  The purpose of the system created by the Act "is to conclusively establish title to land through the issuance of a certificate of title." *Aames Funding Corp. v. Mores*, 107 Haw. 95, 101, 110 P.3d 1042, 1048 (2005).  The holder of a certificate of title holds it "free from all encumbrances except those noted on the certificate in the order of priority of recordation" and other statutorily enumerated encumbrances. HRS § 501-82(a) (Supp. 2016).  Thus, "a land court certificate of title is 'conclusive and unimpeachable' with regard to 'all matters contained therein,'" which is "[t]he fundamental difference between a certificate of title issued by the

(continued . . .)

applicable Land Court certificate of title.  *See* ECF No. 50-10 at PageID # 501 (State of Hawaii Land Court Certificate of Title listing Land Court Order "L17855," described as an encumbrance running in favor of "Easement 138, Map 71; Subject to reservation in Doc 458599").  It is undisputed that "L17855" is an Order of Subdivision designating Easement 138 by a February 1, 1960 petition of "Honolulu Gas Co. Ltd."  *See* ECF No. 50-7 at PageID # 489.  And it is also undisputed that, when the Honolulu Gas Company conveyed the Hoaha Street property in November 1968 to Melvin and Ethel Amina by "Doc 458599," it *reserved* a "perpetual right and easement to construct, install, operate, maintain, repair, replace and remove gas facilities consisting of storage tanks, underground pipes and appurtenances thereof and to enclose the same in whole or in part with suitable walls or fences across, through, under and upon Easement 138 as shown on said Map 71."  ECF No. 50-8 at PageID # 493.  This reservation of Easement 138 was in favor of "Honolulu Gas Company, Limited."  *Id.* at PageID # 492.

Because the subject Hoaha Street property is Land Court property, and because Easement 138 remains on the relevant Land Court certificate of title, any subsequent registered owner (*e.g.*, Mitchell and Joy Kaio or, allegedly,

---

land court and a recordation of title at the bureau of conveyances."
*In re 2003 Ala Wai Blvd.*, 85 Haw. at 405, 944 P.2d at 1348.

*Omiya*, 142 Haw. at 446-47, 420 P.3d at 377-78.

Plaintiffs) necessarily took title subject to that easement in favor of "Honolulu Gas Company." *See, e.g.,* HRS § 501-82(a) ("Every applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, holds the same free from all encumbrances except those noted on the certificate in the order of priority of recordation . . . ."); *Fergerstrom v. PNC Bank*, 342 F. Supp. 3d 1029, 1039 (D. Haw. 2018) ("Transfer Certificates of Title [('TCTs')] are generally unimpeachable because the Hawaii Land Court registration system is designed to preserve the integrity of titles . . . . Thus, TCTs are conclusive evidence of title and generally may not be challenged after entry.") (citations omitted); *Omiya*, 142 Haw. at 447, 420 P.3d at 378.  And, as the court noted above, Hawaii Gas is a successor entity to "Honolulu Gas Company, Limited" and holds title to all real estate and other property previously held by "Honolulu Gas Company."  *See* ECF No. 60 at PageID # 597; ECF No. 60-5 at PageID # 703 n.4; *id.* at PageID # 705.

Given those facts and that authority, the court DENIES Plaintiffs' Motion for Summary Judgment seeking a declaration that Easement 138 is invalid and that the Macquarie Defendants have no rights to Easement 138.  Plaintiffs are not entitled to a declaration "removing" Easement 138 and "ejecting" Hawaii Gas from Easement 138 or from the Hoaha Street property, especially at the summary

judgment stage, where Plaintiffs would have to prove their claim with undisputed evidence.[5]

Indeed, Plaintiffs have *no* evidence that supports their claim. Plaintiffs appear to allege a theory that an August 2019 "unrecorded deed" between them somehow extinguished Easement 138.  See ECF No. 33 at PageID # 244 (arguing that "Plaintiffs Kaio and Conner have agreed . . . to merge their portions of the Dominant and servient estate, thereby abolishing any ownership of Easement 138").  But it is black-letter law that "[a]n easement cannot be terminated or abridged at will by the owner[6] of the servient estate or [the owner's] successors, or without the consent of the owner of, or those persons entitled to, the easement. . . .  An easement created by reference to a filed map can be

---

[5] Again, Plaintiffs are affirmatively moving for summary judgment on their quiet title claim.  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).  That is, a plaintiff moving for summary judgment on an affirmative claim "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  A plaintiff's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 488 (1984)).

[6] The ownership of the servient estate (the Hoaha Street property) is disputed.  Mitchell Kalei Kaio, Sr. and Joy Leinaalaonapua Kaio appear as registered owners on the October 19, 2001 Certificate of Title, ECF No. 50-10 at PageID # 501, but are deceased, *see id.* at PageID # 502; ECF No. 50-14 at PageID # 522.  Plaintiffs Kaio and Conner allege that they are the current owners of the Hoaha Street property, but the court need not resolve this question here.

extinguished only by the united action of all lot owners for whose benefit the easement is created." *Grinpas v. KAPAA 382, LLC*, 130 Haw. 147, 310 P.3d 1048, 2012 WL 503818, at *10-11 (Haw. Ct. App. Feb. 15, 2012) (mem.) (quoting 28A C.J.S. *Easements* § 140 (2008)).  And nothing in the record suggests that Macquarie gave consent to extinguish Easement 138.  Easement 138 is currently used by Macquarie for utility purposes.  *See* ECF No. 50-2 at PageID # 462.

          Likewise, Plaintiffs' arguments regarding the rule against perpetuities and adverse possession have no merit.  The rule against perpetuities does not apply to servitudes.  *See* Restatement (Third) of Property, Servitudes § 3.3 (2000) ("The rule against perpetuities does not apply to servitudes or powers to create servitudes.").  And Land Court property is not subject to adverse possession.  *See* HRS § 501-87 ("No title, right, or interest in, to, or across registered land in derogation of that of the registered owner shall be acquired by prescription or adverse possession.").[7]

---

[7] At the very minimum, Plaintiffs are in the wrong forum because any changes to the Certificate of Title should be made in Hawaii's Land Court, not in federal court.  *See* HRS § 501-1 ("A court is established, called the land court, which shall have exclusive original jurisdiction of all applications for the registration of title to land and easements or rights in land held and possessed in fee simple within the State"); *Valvanis v. Milgroom*, 529 F. Supp. 2d 1206, 1213 (D. Haw. 2007) ("It appears that the [federal] court, based on the language of HRS § 501-1, is without jurisdiction to rule on Martl's Motion to Expunge at it relates to the [Notice of Adverse Claim].").

For the same reasons, the court GRANTS Macquarie's Counter-Motion. The record establishes as a matter of law that Easement 138 is a valid encumbrance in favor of Hawaii Gas. Again, it is undisputed that the Hoaha Street property is registered with the Hawaii Land Court, and that Easement 138 is a listed encumbrance on the applicable Land Court Certificate of Title in favor of Honolulu Gas Company, Ltd., which is a predecessor entity to Hawaii Gas. *See* ECF Nos. 50-10 at PageID # 501; ECF No. 50-7 at PageID # 489; ECF No. 50-8 at PageID ## 492-93; ECF No. 60-5 at PageID # 703 n.4.[8] That is, Macquarie has met its burden at summary judgment to demonstrate that it would be entitled to "a directed verdict [(i.e., judgment as a matter of law)] if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).

## C. The Court Declines to Award Fees or Costs to Macquarie

Finally, Macquarie asks the court to award it attorneys' fees and costs under HRS § 607-14.5(a), which authorizes a court under state law, "as it deems just," to award "a reasonable sum for attorneys' fees and costs . . . upon a specific finding that all or a portion of the party's claim or defense was frivolous . . . ."

---

[8] Because the undisputed evidence establishes that Hawaii Gas holds the rights to Easement 138, the court need not reach Defendants' alternative argument that Plaintiffs are not the true owners of the Hoaha Street property and therefore are not entitled to seek a declaration regarding Easement 138. *See* ECF No. 50-1 at PageID ## 456-58.

Macquarie points out that Plaintiffs had apparently previously raised similar theories in a state court action, but withdrew that action. *See* ECF No. 50-3 at PageID # 465.  It also notes that it wrote to Plaintiffs on May 28, 2021 after this federal action was filed, explaining to Plaintiffs how Hawaii Gas's rights to Easement 138 are still valid despite Plaintiffs' baseless theories, and warning Plaintiffs that Macquarie would seek fees and costs under HRS § 607-14.5 if they did not withdraw or dismiss this action.  *See* ECF No. 50-11.  Macquarie wrote that letter to Plaintiffs pursuant to HRS § 607-14.5(c), which provides:

> A party alleging that claims or defenses are frivolous may submit to the party asserting the claims or defenses a request for withdrawal of the frivolous claims or defenses, in writing, identifying those claims or defenses and the reasons they are believed to be frivolous.  If the party withdraws the frivolous claims or defenses within a reasonable length of time, the court shall not award attorneys' fees and costs based on those claims or defenses under this section.

Nevertheless, although Plaintiffs' claims clearly lack any merit, the court in an exercise of discretion declines to award fees or costs under HRS § 607-14.5.  In this context, "[a] finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith." *Tagupa v. VIPDesk*, 135 Haw. 468, 479, 353 P.3d 1010, 1021 (2015).  And in analogous contexts, sanctions for bad faith could be awarded for "willful actions, including recklessness when combined with an additional factor such as frivolousness,

harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Here, the prior notice given to Plaintiffs by Macquarie on May 28, 2021 under HRS § 607-14.5(c), and Plaintiffs' subsequent refusal to withdraw their claim, suggests that Plaintiffs had knowledge that their quiet title claims were suspect. Nevertheless, the court declines to award fees and costs against both Plaintiffs in favor of Macquarie. The record does not clearly support a finding that Plaintiffs acted willfully and in bad faith. Given both Plaintiffs' pro se status (even considering that Conner is a paralegal with experience in federal court), the court does not "deem it just" to award fees or costs against both Plaintiffs in favor of Macquarie.

Plaintiffs are warned, however, that their pro se status certainly does not render them immune from being sanctioned. This is apparently Plaintiffs' second judicial attempt at removing Hawaii Gas's utility equipment from Easement 138 (the first being the state court action brought by Kaio—prepared by "Premier Paralegal Services"—in December 2016, ECF No. 50-4, which was voluntarily dismissed on January 3, 2017, ECF No. 50-3 at PageID # 465). If future actions are found to be frivolous and in bad faith, the court will not hesitate to award fees and costs under HRS § 607-14.5.

## IV. **CONCLUSION**

For the foregoing reasons, (1) the United States' Motion to Dismiss, ECF No. 40, is GRANTED with prejudice; (2) FNMA is DISMISSED as a Defendant; (3) Plaintiffs' Motion for Summary Judgment, ECF No. 33, is DENIED; and (4) Macquarie's Counter-Motion for Summary Judgment, ECF No. 50, is GRANTED.  The clerk of court is instructed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 28, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Conner, et al. v. Macquarie Infrastructure Corp., LLC, et al.*, Civ. No. 21-00181 JMS-RT, Order (1) Granting Defendant United States of America's Motion to Dismiss; (2) Dismissing Defendant Federal National Mortgage Association; (3) Denying Plaintiffs' Motion for Summary Judgment; and (4) Granting Defendants Macquarie Infrastructure Corporation and The Gas Company, LLC's Counter-Motion For Summary Judgment